# UNITED STATES DISTRICT COURT   JS-6
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAYA VILLAS, LLC, <br><br>Plaintiff, <br><br>v. <br><br>LINEAR WAVE, LLC, HAROLD McCRIMMON, et al., <br><br>Defendants. | Case CV 17-04177-ODW(RAOx) <br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.
## FACTUAL BACKGROUND

Plaintiff Playa Villas, LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Defendants Linear Wave, LLC, Harold McCrimmon, and Does 1-5 on April 3, 2017. Notice of Removal ("Removal") and Attached Complaint for Unlawful Detainer ("Compl."). Dkt. No. 1. Defendants are allegedly unauthorized occupants of real property located in Playa Vista, California ("the property"). Compl., ¶¶ 3, 6. Plaintiff is the owner of the property. *Id.* at ¶¶ 1, 4.

///
///

Defendant Harold McCrimmon ("Defendant") filed a Notice of Removal on June 5, 2017, invoking the Court's diversity jurisdiction. Removal at 2. The same day, Defendant filed a request to proceed *in forma pauperis*. Dkt. No. 3.

## II.
## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Defendant asserts that this Court has subject matter jurisdiction due to the existence of diversity. Removal at 2. Section 1441 provides, in relevant part, that a defendant may remove to federal court a civil action in state court of which the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Section 1332 provides that federal "district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000, . . ., and is between—(1) citizens of different States . . . ." *See id.* § 1332.

///

Here, the Court's review of the Notice of Removal and attached Complaint makes clear that there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. § 1332(a). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth a different amount than that pled in the complaint. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354, 81 S. Ct. 1570, 6 L.Ed.2d 890 (1961); *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). In filing the action, Plaintiff explicitly limited its demand for damages to an amount not exceeding $10,000.00. (*See* Compl. at 1.) Because the amount of damages that Plaintiff seeks appears to be below the jurisdictional minimum, the Court cannot exercise diversity jurisdiction in this case.

### III.
### CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Defendant's Request to Proceed In Forma Pauperis is DENIED as moot.

IT IS SO ORDERED.

DATED: _June 12, 2017

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE